IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANDREW C. CRUSE, JR., #64876                                    PLAINTIFF

v.                                          CIVIL NO. 3:23-cv-212-CWR-LGI

MISSISSIPPI DEPT. OF
CORRECTIONS, ET AL.                                            DEFENDANTS

## REPORT AND RECOMMENDATION

This case is before the Court on Defendants VitalCore Health Strategies, Nina Waltzer, and G. Hamil's Motion [41] to Dismiss. Defendants Mississippi Department of Corrections, Burl Cain, Ronald King, Marcus McClure, Gia McLeod, Denise Bone, Carrie Williams, Tanesha Washington, Dennis Gregory, and James Fillyaw filed Joinders [49],[56] to the Motion [41].[1]  Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion [41] be granted.

## I. BACKGROUND

Pro se Plaintiff Andrew C. Cruse, Jr. is a post-conviction inmate incarcerated by the Mississippi Department of Corrections ("MDOC") and he brings this suit under 42 U.S.C. § 1983.  Compl. [1] at 1.  Instead of paying the filing fee, Cruse moved for leave to proceed *in forma pauperis* ("IFP"). *See* Mot. [2].  On June 26, 2023, the undersigned entered an Order Setting Payment Schedule [8] that granted Cruse's Motion to proceed IFP and set a payment schedule in accord with the IFP statute, 28 U.S.C. § 1915.

---

[1] There are also pro se Defendants and other unserved Defendants in this case.  The Defendants that filed the Motion to Dismiss [41] and joined the Motion will be collectively referred to as the "moving Defendants" or simply as "Defendants."

The moving Defendants seek dismissal of this action as a sanction for Cruse's false statements in his Complaint regarding his litigation history. Defendants maintain that Cruse's false statements concealed his previous filing of a nearly identical § 1983 action in the Northern District of Mississippi and concealed that he was barred from proceeding IFP in federal court. Alternatively, Defendants seek the revocation of Cruse's IFP status under 28 U.S.C. § 1915(g). In support of their Motion [41], Defendants submit a Memorandum in Support [42], a copy [41-1] of the Order denying Cruse IFP status in *Cruse v. MDOC, et al.*, civil action no. 4:21-cv-150-NBB-DAS (N.D. Miss. Jan. 13, 2022), and Cruse's medical records [41-2].

Cruse filed a Response in Opposition [46] to the Motion [41] and a Rebuttal [58]. The moving Defendants replied [51] to Cruse's Response and filed a Rebuttal [52]. The Motion [41] is ripe for review.

## II. DISCUSSION

This civil action is subject to the Prison Litigation Reform Act ("PLRA"). The PLRA mandates early judicial screening of prisoner Complaints. *Jones v. Bock*, 549 U.S. 199, 202 (2007). It further provides that a prisoner's privilege to proceed IFP will be denied if he has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g). Section 1915(g) of the PLRA "has become known as the three-strikes rule." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (citation omitted).

The undersigned first considers Defendants' request for dismissal as a sanction for Cruse's false representations regarding his litigation history and his failure to disclose that he is barred from proceeding IFP in federal court.

## A.    Sanctions for false pleadings

Litigants—including pro se prisoners—that submit pleadings containing false statements are subject to sanctions. *See Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (reminding prisoners "that false statements in their pleadings may result in sanctions against them, *see* Fed.R.Civ.P. 11(c), including dismissal with or without prejudice").[2]  Dismissal is an appropriate sanction when a prisoner fails to inform the court about prior civil actions or misrepresents the number of previous actions he has filed. *See Shepherd v. Annucci*, 921 F.3d 89, 97–98 (2d Cir. 2019) (affirming dismissal "as a sanction for [prisoner] furnishing false statements to the court by deliberately omitting 'strike' cases from his complaint").

For example, in *Sondley v. Lubbock County*, the district court dismissed prisoner Sondley's § 1983 complaint as a sanction "finding that Sondley committed perjury by failing to list in his complaint a prior lawsuit making similar claims." *Sondley v. Lubbock Cnty., Tex.*, 91 F. App'x 334, 334 (5th Cir. 2004).  The Fifth Circuit affirmed the dismissal as a sanction against Sondley and dismissed his appeal as frivolous. *Id.* at 335.

Likewise, this Court routinely dismisses pro se prisoner cases as a sanction

---

[2] The Fifth Circuit went on to remind prisoners that "false statements in an affidavit or unsworn declaration made under penalty of perjury may result in prosecution for perjury." *Hatchet,* 201 F.3d at 654.

for a prisoner's failure to accurately disclose his prior litigation history. *See Davis v. Wyatt*, No. 5:21-cv-8-RHWR, 2021 WL 11550129, *4 (S.D. Miss. Nov. 18, 2021) (dismissing case for prisoner's false representations about his litigation history and three-strikes status); *Davis v. Wilks*, No. 2:19-cv-67-KS-MTP (S.D. Miss. Oct. 9, 2019) (dismissing case for prisoner's failure to disclose prior lawsuits he filed in federal court); *Winding v. Fisher*, No. 3:16-cv-94-DCB-JCG (S.D. Miss. July 15, 2016) (dismissing, in part, prisoner's case for knowingly misrepresenting the number of lawsuits he filed in federal court). This Court also imposes additional sanctions on prisoners with three strikes when their filings are repetitive to prior allegations. *See, e.g.*, *Dearing v. Trinity Food Group*, No. 5:19-cv-131-DCB-MTP (S.D. Miss. Jan. 17, 2020) (sanctioning inmate $50 for repeated attempts to circumvent the three-strikes bar with frivolous or repetitive allegations); *Dearing v. Wilkinson Cnty. Corr. Facility*, No. 5:19-cv-132-DCB-MTP (S.D. Miss. Dec. 3, 2019) (same); *Walker v. Hunt*, No. 1:19-cv-269-LG-RHW (S.D. Miss. June 21, 2019) (sanctioning three-strikes litigant $50 for repeated filings); *Winding v. Buscher*, No. 3:14-cv-270-DPJ-FKB (S.D. Miss. May 6, 2014) (sanctioning inmate $50 for frivolously invoking the imminent danger exception).

Additionally, dismissal is not only appropriate, but it is required for false IFP applications. The IFP statute provides that "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915 (e)(2)(A). The statute provides no discretion in deciding whether to dismiss the case as a sanction for the false information. *Castillo v. Blanco*, 330 F. App'x 463,

466 (5th Cir. 2009). When the Court determines the contents of an IFP application are false, dismissal of the case is mandatory at that time *even if* that time accrues after the litigant has paid the filing fee. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016). Other prisoners have suffered this fate for submitting false IFP applications to this Court. *See, e.g.*, *Smith-Garcia v. Harrison Cnty.*, No. 1:17-cv-332-LG-RHW, 2018 WL 2324443 (S.D. Miss. May 22, 2018) (dismissing case because pro se prisoner failed to disclose relevant information in his IFP application); *Winding v. Ball*, No. 4:13-cv-64-HSO-RHW (S.D. Miss. Aug. 9, 2013) (dismissing case with prejudice because pro se prisoner filed a false IFP application); *Winding v. Shaw*, No. 4:13-cv-54-HSO-RHW (S.D. Miss. Aug. 9, 2013) (same); *Winding v. Powe*, No. 4:13-cv-27-HSO-RHW (S.D. Miss. Aug. 9, 2013) (same). With this foundation, the undersigned now considers Cruse's conduct.

### 1.    Cruse's conduct

Cruse is an experienced pro se litigator. While incarcerated, Cruse has filed over 20 civil actions or appeals in the federal courts of Mississippi. In the case presently before the Court, the complaint form used by Cruse contains the question, "Have you commenced other lawsuits in any other court, state or federal, dealing with or pertaining to the same facts that you allege in this lawsuit or otherwise relating to your imprisonment?" [1] at 5. In response, Cruse checks "yes" and writes "Relating to Other Inc[i]dents." *Id.* The next question requires Cruse to describe "each lawsuit"

by providing specific information for each case.[3]  *Id.*  The directions further state, "If there is more than one lawsuit, describe the additional lawsuit(s) on separate sheets of paper; clearly label each additional sheet as being a continuation of Question 4." *Id.*

On the blanks provided,  Cruse lists one lawsuit, *Cruse v. MDOC*, civil action no. 4:17-cv-162-DAS (N.D. Miss. July 20, 2021), with a file date of March 2017.  *Id.* Cruse states the date decided was July 20, 2021, and he writes "appealing decision at this time in 5th Circuit Court of Appeals on a Writ of Mandamus." *Id.*  As for the "result" section he writes, "Reinstatement and second unlawful Dismissal." *Id.*  Cruse attached a sheet of paper titled "Contd. Question No. 4 (Page 2)" where he provides the required information for a lawsuit that he describes as a "criminal appeal" and as a "Habeas Corpus Filing" with a docket number of 4:19-cv-163-MPM-JPV that Cruse states is "presently still ongoing." *Id.* at 6.  The remainder of the sheet of paper is blank.  Cruse clearly understood the form's directions and his response was thorough for the two cases he chose to disclose.

### a.  Misrepresenting prior litigation history

Cruse did not state that he filed any other lawsuits while incarcerated, nor did he provide any of the required information for any of his other cases filed in federal court. Cruse had an affirmative duty to truthfully answer the questions on his form

---

[3] The form contains space for Cruse to provide the following information: "A.  Parties to the lawsuit; B.  Court;  C.  Docket No.; D.  Judge's Name;  E.  Date suit filed;  F.  Date decided;  G.  Result (affirmed, reversed, etc.)."  [1] at 5.

complaint that he signed under penalty of perjury. He did not do so. Cruse knowingly misrepresented the facts regarding his prior litigation history.

As mentioned above, the PLRA mandates early judicial screening of prisoner complaints. To this end, requiring prisoners to disclose prior lawsuits serves several purposes. It enables courts to: (1) promptly review and determine if the case is subject to the § 1915(g) bar; (2) quickly recognize duplicate cases to avoid an unnecessary use of judicial resources; and (3) identify malicious cases subject to dismissal prior to the service of process under § 1915(e)(2)(B). *See Jenkins v. Hutcheson*, 708 F. App'x 647, 648–49 (11th Cir. 2018) (discussing court's reasoning for requiring prisoners to disclose prior cases and finding "district court was entitled to dismiss [Plaintiff's] complaint based on his failure to fully disclose his litigation history" while also "recognizing that nothing in the record indicates that [Plaintiff] intentionally omitted the cases"). Here, Cruse's false statements regarding his litigation history delayed application of the § 1915(g) bar and defeated consideration of his case for pre-service dismissal as malicious to *Cruse v. MDOC,* civil action no. 4:21-cv-150-NBB-DAS (N.D. Miss. Jan. 13, 2022). Both of which frustrated the PLRA's mandate of early judicial screening of prisoner complaints.

### b. Failing to disclose nearly identical prior case

Significantly, Cruse failed to list the nearly identical case of *Cruse v. MDOC,* civil action no. 4:21-cv-150-NBB-DAS (N.D. Miss. Jan. 13, 2022) or provide any information at all about this lawsuit in his Complaint. The similarities between the two complaints cannot be overstated. Pages one through eight and pages 17 through

23 of Cruse's Complaint [1] in this civil action are identical to his complaint in the prior lawsuit. The only difference between this prior lawsuit and Cruse's present Complaint [1] is the addition of two new pages, numbers 24 and 25, and some additional exhibits.

In his response to Defendants' Motion to Dismiss [41], Cruse states that he "never made an attempt to mislead this Honorable Court on any matter" while simultaneously continuing to do so. For in the next sentence, he tries to minimize his actions by stating that he "used some exhibits in this present civil action" that he filed in his 2021 Northern District case. [46] at 2. Instead, the truth is he filed the entire complaint and every single exhibit from his prior lawsuit in this case. Cruse also claims that because he lacks a law degree or legal training that he "did not have knowledge he could not write [a] new complaint using some of the same or similar allegations." *Id*. at 5. This is the total of Cruse's explanation for his failure to reveal his prior litigation history and his failure to reveal the nearly identical case he filed in the Northern District of Mississippi. Cruse's claimed unawareness of his actions and his explanations for failing to disclose this prior case stretch credulity.

The undersigned finds no difference in Cruse's actions and the prisoner-plaintiff in the *Sondley* case. Sondley failed to "list in his complaint a prior lawsuit making similar claims" that he filed in a different division of the Northern District of Texas. *Sondley*, 91 F. App'x at 334. The district court found Sondley committed perjury and dismissed his complaint as a sanction. *Id*. The Fifth Circuit agreed and

dismissed Sondley's appeal as frivolous.  *Id*. at 335.  Cruse's conduct should be met with a similar response from this Court.

### c. Failing to disclose strike status when seeking IFP status

Next, Cruse failed to disclose his strike status to the Court.[4]  Cruse was aware he had three strikes when he filed this lawsuit.  Significantly, Cruse was aware—when he moved for leave to proceed IFP—that with three strikes he is not eligible to proceed IFP.  Although the form IFP application used by Cruse does not specifically require a prisoner to state if his IFP status was previously revoked, it is obviously an important fact to reveal when seeking leave to proceed IFP.

The IFP statute provides support for dismissing this case for Cruse's failure to disclose his strike status.  As stated above it requires mandatory dismissal when the district court determines an allegation of poverty is untrue.  If the IFP statute requires dismissal for an allegation of poverty that is untrue, it follows that dismissal is appropriate when untrue statements are used to obtain IFP status even if the statements are not specifically related to the prisoner's financial status.

Cruse also knew that a federal court already determined that his complaint did not meet the imminent danger exception to the § 1915(g) bar, but Cruse still moved for IFP status, failing to disclose any of this information.  If Cruse felt his allegations added after the original filing of this lawsuit in 2021 met the three-strikes exception, Cruse could have argued as much in his IFP application.  Instead, he chose

---

[4] *See infra* Section II. C. for a discussion of Cruse's strike status.

to conceal that he is barred from proceeding IFP in federal court and pursue a nearly identical action to a previously dismissed lawsuit.

### 2.    Conclusion and recommendation

In summary, (1) Cruse's statement in his Complaint listing only two prior cases as the sum total of his prior lawsuits is false;  (2) Cruse's failure to include his prior filing of a nearly identical Complaint in a different court is egregious conduct; and (3) Cruse's failure to reveal his known strike status is disingenuous.  Cruse's actions merit dismissal of this case.  The undersigned therefore recommends that Defendants' Motion to Dismiss [41] be granted.

### B.    Three-Strikes

The undersigned now reviews the moving Defendants' alternative request for revocation of Cruse's IFP status under § 1915(g) and dismissal of this action for Cruse's failure to pay the filing fee.

The PLRA provides that a prisoner's privilege to proceed IFP will be denied if he has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim.  28 U.S.C. § 1915(g).  Excepted from this bar are cases in which "the prisoner is under imminent danger of serious physical injury."  *Id.*

The infancy of § 1915(g) presented numerous questions on how to count a qualifying dismissal or a strike.  At first, it may appear to be a simple process but as a steady stream of litigation over the last twenty-eight years demonstrates, simplicity

has not always been available.  A brief discussion of the guiding principles is necessary.

Starting with the timing of a potential strike dismissal, a court must consider all actions which were dismissed as frivolous, malicious, or which failed to state a claim, whether dismissed before or after enactment of the PLRA.  *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015).  Additionally, the potential strike dismissal must be entered prior to the Plaintiff filing the case in which he seeks leave to proceed IFP.  *See Alexander v. Tex. Dep't of Criminal Justice*, 951 F.3d 236, 246 (5th Cir. 2020) (Ho, J., concurring) ("The statutory text states that courts must count findings of frivolousness 'prior' to 'a prisoner bring[ing] a civil action or appeal'" not prior to ruling on the IFP motion).

Next, a "strike may be warranted for qualifying dismissals in both the district court and on appeal."  *Prescott v. UTMB Galveston Tex.*, 73 F.4th 315, 319 (5th Cir. 2023)(citations omitted).  This means a prisoner may earn one strike from the district court and one strike from the appellate court in the same case.  *Id.* at 319.  Further, a district court dismissal counts as a strike "even if the case is pending on appeal."  *Id.* (citing *Coleman v. Tollefson*, 575 U.S. 532, 539 (2015)(holding [a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal")).

Further, a dismissal with or without prejudice may count as a strike.  *Lomax*, 140 S. Ct. at 1723 (2020) (holding a dismissal of a suit for failure to state a claim

counts as a strike, whether the dismissal is with prejudice or without). But a partial dismissal of claims as frivolous, malicious, or for failure to state a claim may not count as a strike. *Brown v. Megg*, 857 F.3d 287, 288 (5th Cir. 2017) (collecting cases) (holding "a strike does not issue when only some claims are dismissed on section 1915(g) grounds").[5] "Imposing a strike only when the action itself is dismissed for one or more of the qualifying reasons is consistent with the statute's balance between deterring frivolous filings while maintaining access to the courts for facially valid claims." *Id*. at 291.

Finally, courts have a statutory responsibility to perform an independent evaluation of a prisoner-plaintiff's strike status as opposed to relying on an earlier district court's labeling of a dismissal as a strike. *Fourstar v. Garden City Group, Inc.*, 875 F.3d 1147, 1152–53 (D.C. Cir. 2017). The PLRA "does not require or allow a later district court to simply defer to an earlier district court's contemporaneous statement that a dismissal counts as a strike." *Id*. at 1149; *see also Pitts v. South Carolina*, 65 F.4th 141, 145 (4th Cir. 2023) ("Joining the consensus, we hold that a district court may not contemporaneously rule that its dismissal of a complaint constitutes a strike."); *Deleon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004) (instructing district court's to not contemporaneously label dismissals as strikes because determination should occur at appropriate time). Instead, "the

---

[5] Prior to the decision in *Brown*, unpublished authority supported counting partial dismissals as strikes. *See Thornton v. Merchant*, 526 F. App'x 385, 388 (5th Cir. 2013) (finding the "district court's partial dismissal of Thornton's complaint as frivolous, malicious, and for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g)"); *Comeaux v. Cockrell*, 72 F. App'x 54, 56 (5th Cir. 2003) (counting case dismissed in part as malicious and in part for failure to comply as a strike).

later district court must independently evaluate whether the prior dismissals were dismissed on one of the enumerated grounds and therefore count as strikes." *Fourstar,* 875 F.3d at 1149. Guided by these principles, the undersigned will now evaluate Cruse's prior dismissals for a strike determination.[6]

## C.    Cruse's strike status

The moving Defendants contend that Cruse has three qualifying dismissals under 28 U.S.C. § 1915(g) and cite to the following cases as his three strikes: *Cruse v. Brisolara,* civil action no. 1:15-cv-172-RHW (S.D. Miss. Sept 16, 2016); *Cruse v. Pope,* civil action no. 1:97-cv-501-WJG (S.D. Miss. Mar. 31, 1999); and *Cruse v. Lowe's Home Centers, Inc.,* civil action no. 1:98-cv-128-DCB (S.D. Miss. Apr. 16, 1998). In his Response, Cruse does not refute that he has three strikes.

### 1.    *Cruse v. Lowe's Home Centers, Inc.*

The review begins with *Cruse v. Lowe's Home Centers, Inc.,* civil action no. 1:98-cv-128-DCB (S.D. Miss. Apr. 16, 1998), as it provides the most straightforward determination. In 1998, the Court considered Cruse's pleadings and exercised its authority under the screening provisions of the PLRA to *sua sponte* dismiss Cruse's Complaint— in its entirety—for failure to state a claim. The Court dismissed this entire action for one of the enumerated grounds in § 1915(g) prior to Cruse filing the case presently before the Court. Thus, the

---

[6] The moving Defendants are not asking this Court to rely on a prior court's contemporaneous strike label, but they do ask this Court to rely on the Northern District of Mississippi's determination of Cruse's strike status in his 2021 case as binding here. *See* [42] at 5. Considering the length of time that has passed since that ruling combined with the continued decisions trickling in that interpret § 1915(g), the undersigned believes an independent review is the better approach at this time.

*Lowe's* dismissal meets the criteria to count as a strike or qualifying dismissal under § 1915(g).

### 2.    *Cruse v. Pope*

Next is the dismissal of *Cruse v. Pope*, civil action no. 1:97-cv-501-WJG (S.D. Miss. Mar. 31, 1999).  In *Pope*, the Court adopted the Magistrate Judge's Report & Recommendation over Cruse's objections.  Order [51] at 4.  As to Cruse's federal claims, the Magistrate Judge determined that Cruse did not suffer a constitutional deprivation.  R. & R. [49] at 8–9.  The Magistrate Judge further found that Cruse's state law claims were  barred by the statute of limitations and Cruse had not provided the required statutory notice of his state law claims.  *Id.* at 8, 15–16.  The Magistrate Judge concluded that "plaintiff's complaint fails to state a cause of action against the defendants upon which relief can be granted. There are no issues of genuine material fact remaining to be decided and therefore the Court recommends that the defendants be granted summary judgment as a matter of law."  *Id.* at 16.  The Court found Cruse's objections to the R & R "meritless" and adopted the R & R as the finding of the Court.  Order [51] at 3–4. The Court dismissed this case with prejudice in 1999.  J. [52].

Clearly there are no issues with the timing of the *Pope* dismissal and the entire action was dismissed for failure to state a claim as required to qualify as a strike.  The question arises when a district court grants a summary judgment motion, as opposed to *sua sponte* dismissing the case under the screening provisions of the PLRA, can the dismissal count as a strike?  The answer is: it

depends. If the ruling granting summary judgment dismisses the complaint in its entirety as frivolous, malicious, or for failure to state a claim, it satisfies the text of § 1915(g) and thus is a countable strike. *Hale v. Harrison Cnty. Bd. of Supervisors*, 8 F. 4th 399, 404 (5th Cir. 2021); *El-Shaddai v. Zamora*, 833 F.3d 1036, 1044 n.4 (9th Cir. 2016) ("We agree with other circuits that have held that where an order explicitly states summary judgment is proper because the case is frivolous, malicious, or fails to state a claim, the dismissal counts as a strike"); *Blakely v. Wards*, 738 F.3d 607, 617 (4th Cir. 2013).

In *Hale v. Harrison County Board of Supervisors*, the Fifth Circuit conducted "a careful review of the record" to "conclude that the district court dismissed Hale's entire action as frivolous, malicious, or for failing to state a claim." *Hale*, 8 F.4th at 403. The Court specifically found,

> The magistrate judge's report and recommendations concludes: "It is recommended that the summary judgment motions of all Defendants be granted and *Hale's suit dismissed as frivolous and for failure to state a claim*." (Emphasis added). The district court then adopted the magistrate's report "as the opinion of this Court." This perfectly parrots and hence plainly satisfies the text of § 1915(g), which permits a strike where the action "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." We therefore could revoke Hale's IFP status and dismiss his appeal as barred by the PLRA's three-strikes provision.

*Id.* at 403–04 (citations omitted). The Fifth Circuit did not end up revoking Hale's IFP status, instead choosing to give Hale "the benefit of the doubt" regarding a "single phrase of the district court's decretal language" that "introduced an ambiguity" and "making it at least conceivable" that some claims "did not satisfy

§ 1915(g)." *Id.* at 404.  The Court stressed the importance of imposing a strike only "where the *entire action* is frivolous or fails to state a claim." *Id.* (emphasis in original).  There is no mention of the dismissal occurring at the summary judgment stage as a hindrance to it counting as a strike.

Similarly, in *Blakely v. Wards*, the Fourth Circuit held that a dismissal under § 1915(g) grounds is not disqualified from counting as a strike merely because it occurred at the summary judgment stage. *Blakely*, 738 F.3d at 617.  In doing so, the Fourth Circuit found that passage of the PLRA was not a limitation on the "courts' ability to dismiss suits at summary judgment for frivolousness, maliciousness, or failure to state a claim" and that "[i]t would subvert the PLRA's very purpose to prevent cases dismissed on summary judgment from counting as strikes even when those cases were expressly deemed frivolous, malicious, or failing to state a claim." *Id.* at 612–13.

The undersigned recognizes there are Fifth Circuit unpublished cases that seem to disallow the counting of dismissals on summary judgment as strikes.  For example, in *Carlucci v. Chapa,* No. 19-50954, 2022 WL 175548 (5th Cir. 2022), and *Hale v. Collier,* 690 F. App'x 247 (5th Cir. 2017), the Fifth Circuit invalidated the district court's classification of a summary judgment dismissal as a strike.  A close review of the underlying district court cases in both of these examples reveals that not all of the claims were dismissed as frivolous, malicious, or for failure to state a claim.

In the post-*Hale* case of *Carlucci v. Chapa*, the Fifth Circuit found the

"district court did not dismiss Carlucci's entire case for being 'frivolous, malicious, or for failure to state a claim.' Some of Carlucci's claims were dismissed beyond the pleadings stage on a motion for summary judgment. As such, we vacate the district court's order of a strike pursuant to § 1915(g)." *Carlucci*, 2022 WL 175548 at *1 (citing *Brown,* 857 F.3d at 290–92). Initially, this language appears to focus on the stage of the litigation ("beyond the pleadings stage") as the reasoning why the dismissal does not count as a strike. But a reading more consistent with the published precedent, along with the included citation to *Brown*, puts the focus on whether the "entire action" or "all claims" were dismissed as frivolous, malicious, or for failure to state a claim as opposed to the fact that some of the claims were disposed of on summary judgment. *Id*. *Carlucci* was not a situation like *Hale*, where the granting of summary judgment dismissed the entire case on § 1915(g) grounds.

Next, in *Collier*, decided prior to the published decision in *Hale*, similar language appears when the Fifth Circuit vacates the district court's strike finding because "some claims were dismissed for failure to state a claim, while others were dismissed on summary judgment." *Collier*, 690 F. App'x at 248. The Court then explains how the district court made its finding without the benefit of the *Brown* decision and the Fifth Circuit's clarification that when some claims are dismissed on § 1915(g) grounds and some are not, the dismissal cannot count as a strike. The *Collier* opinion goes on to state, "[a] claim dismissed on summary judgment should not be awarded a strike because it is not dismissed on the grounds that it

is frivolous, malicious, or fails to state a claim." *Id.* (internal quotations omitted) (citing *Brown*, 857 F.3d at 291–92). The Court concluded that one of the prior dismissals "should not have been counted as a strike." *Id.*

As detailed in *Hale*, sometimes entire cases are dismissed as frivolous, malicious, or for failure to state a claim on summary judgment. But that was not the case in *Collier*. Review of the underlying opinion in *Collier* reveals that one of the cases the district court counted as a strike only dismissed some claims on § 1915(g) grounds. The district court, prior to the *Brown* decision and relying on existing unpublished authority, readily acknowledged that it was counting a partial dismissal on § 1915(g) grounds as a strike. *Hale v. Livingston*, No. 7:16-cv-019, 2016 WL 9448705, *1 n.1 (N.D. Tex. 2016) (citing *Thornton v. Merchant*, 526 F. App'x 385, 388 (5th Cir. 2013)). So the *Collier* decision also hinged on the dismissal of all claims on § 1915(g) grounds as opposed to the stage of the litigation when the dismissal occurred.

The Fourth Circuit addressed comparable prior rulings in the *Blakely* decision when it held that summary judgment dismissals may count as strikes. The prisoner in *Blakely*—relying on similar language in several prior cases—argued that a "bright-line rule" existed in the Fourth Circuit preventing a case dismissed on summary judgment from counting as a strike. *Blakely*, 738 F.3d at 613-14. The Fourth Circuit rejected the prisoner's argument finding the controlling factor is whether each claim is dismissed on § 1915(g) grounds and "not the procedural posture at termination." *Id.* at 613 n.4.

After consideration of the published authority along with a detailed review of unpublished authority that may appear to bar summary judgment dismissals as strikes, the undersigned finds that it is not how the action is dismissed (summary judgment or *sua sponte*) or when the action is dismissed (before service of process or after a responsive pleading is filed) that determines if the dismissal counts as a strike; instead it is whether the action is dismissed as frivolous, malicious, or for failure to state a claim, that qualifies the dismissal as a strike. In other words, the procedural posture is immaterial what matters is whether the entire action is dismissed on § 1915(g) grounds.

And notably, there are times when a case is disposed of on summary judgment and the entire action is dismissed as frivolous, malicious, or for failure to state a claim that will count as a strike. *See Hale*, 8 F.4th at 404. Therefore, *Cruse v. Pope*, a summary judgment dismissal of Cruse's entire action for failure to state a claim qualifies as a strike. *See Cruse v. Corr. Med. Assoc.*, No. 1:16-cv-68, 2016 WL 11477006, *2 (S.D. Miss. 2016) (counting *Pope* dismissal as a strike under § 1915(g)).

### 3.    *Cruse v. Brisolara*

This leaves the dismissal in *Cruse v. Brisolara*, civil action no. 1:15-cv-172-RHW (S.D. Miss. Sept. 16, 2016) for consideration. In *Brisolara*, the Court held that "Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies is granted, and this case is dismissed for failure to state a claim upon which relief can be granted." Order [121] at 13. The Court

19

then denied Cruse's motion for summary judgment and motion for default judgment and deemed his remaining motions moot. *Id.*

Exhaustion of available administrative remedies through a prison grievance system is a prerequisite for prisoners filing a lawsuit under § 1983. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Dismissal of a complaint predicated on a prisoner's failure to exhaust administrative remedies may count as a strike as long as all claims are dismissed on § 1915(g) grounds. *Emmett v. Ebner*, 423 F. App'x 492, 493–94 (5th Cir. 2011) (finding a dismissal for failure to exhaust counts as a strike because it is in effect a dismissal for failure to state a claim); *see also Ards v. Martin*, 719 F. App'x 402, 403 (5th Cir. 2018) (finding failure to state a claim dismissal for prisoner's failure to exhaust counts as a strike); *Pointed v. Johnson*, 61 F. App'x 918, 918 (5th Cir. 2003) (counting district court's dismissal in part for failure to exhaust and in part as frivolous as a strike). A dismissal for failure to exhaust is normally without prejudice[7] but as noted above this does not serve as an impediment to counting the dismissal as a strike. *Lomax*, 140 S. Ct. at 1723 (2020) (holding a dismissal of a suit for failure to state a claim counts as a strike, whether the dismissal is with prejudice or without).

Judges in this district repeatedly dismiss an entire action for failure to state

---

[7] *See Bargher v. White*, 928 F.3d 439, 447–48 (5th Cir. 2019) (finding failure to exhaust "warrants dismissal without prejudice, which permits the litigant to refile if he exhausts or is otherwise no longer barred by the PLRA requirements").

a claim when the prisoner-plaintiff fails to exhaust his administrative remedies prior to filing his lawsuit. *See Davis v. Wyatt*, No. 5:21-cv-8, 2021 WL 11550129, *2 (S.D. Miss. 2021) (collecting cases).  Other district courts within the Fifth Circuit also count dismissals for failure to exhaust as strikes.  *See Simmons v. LeBlanc*, No. 21-706, 2023 WL 5228916, *1 n.8 (M.D. La. 2023) (counting dismissal predicated on failure to exhaust as a strike over prisoner's argument to the contrary); *Trejo v. Biden*, No. 21-cv-1103, 2021 WL 5969305, *1 n.1 (W.D. Tex. 2021) (explaining dismissal for failure to exhaust is failure to state a claim and counts as a strike); *Chambers v. Katue*, No. H-21-4060, 2021 WL 5919330, *2 (S.D. Tex. 2021) (same); *Awan v. Harmon*, 2017 WL 1088338, *3 (N.D. Tex. 2017) (same); *Wilkerson v. Francis*, No. 9:11-cv-4, 2012 WL 6096987, *4 (E.D. Tex. 2012) (same).

In summary, if all claims are dismissed for failure to state a claim (either with or without prejudice) and even if predicated on failure to exhaust, the dismissal may count as a strike.  There are no issues with the timing of the *Brisoloara* dismissal and even though the case was disposed of on summary judgment for failure to exhaust, the Court dismissed the entire action for failure to state a claim. Therefore, the *Brisolara* dismissal counts as a strike.

Cruse has accumulated three strikes which warrants the revocation of his IFP status in this civil action unless Cruse meets the exception provision of § 1915(g).

4.    **Imminent danger exception**

The exception provision of § 1915(g) allows a prisoner with three strikes to proceed IFP if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To qualify under this exception, the imminent danger must exist at the time the prisoner files his complaint. *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) ("[T]he language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made."); *see also Choyce v. Dominguez*, 160 F.3d 1068, 1071 n.4 (5th Cir. 1998) (noting that *Baños* pinpoints "the relevant time for assessing imminent danger" at "the date of filing the complaint"). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001). Therefore, a prisoner's allegation of past physical harm does not meet the imminent danger exception. *Newman v. Harris*, 770 F. App'x 216, 217 (5th Cir. 2019) (finding allegation of prior physical harm "insufficient to overcome § 1915(g)"); *Ewing v. Cain*, No. 1:21-cv-162-HSO-JCG (S.D. Miss. June 17, 2021) (finding prisoner's allegations occurring three-years prior to filing of complaint could not meet imminent danger exception).

Furthermore, a prisoner may not rely on conclusory or speculative allegations to establish imminent danger. *See Prescott v. UTMB Galveston Tex.*, 73 F.4th 315, 322 (5th Cir. 2023) (holding prisoner's factual allegations were "conclusory and speculative and thus fail to demonstrate imminent danger");

*Resendez v. Abbott*, No. 20-50647, 2022 WL3971589, \*1 (5th Cir. 2022) (noting imminent danger "requires more than conclusory allegations"); *Smith v. Blount*, 258 F. App'x 630, 630 (5th Cir. 2007) (finding "conclusional allegations are insufficient to show . . . imminent danger of serious physical injury").

Cruse has not made the requisite showing of imminent danger under these standards. First, it is clear that none of the events occurring before Cruse initially filed this action in 2021 merit review for imminent danger on March 21, 2023.[8] Since pages one through eight and 17 through 24 of Cruse's Complaint [1] are exact copies of the 2021 Northern District of Mississippi case, those allegations are exempt from consideration.

Cruse's "new" allegations are found on pages 24 and 25 of his Complaint [1] and concern the January 6, 2023, move of Cruse to a different area of the Central Mississippi Correctional Facility (CMCF). Cruse complains about his movement from a handicapped accessible area of the prison to an area formerly occupied by female prisoners and the unsatisfactory conditions in his new location. [1] at 24–25.

In his Motion to Amend [4] Cruse adds allegations concerning a March 30,

---

[8] The file date of Cruse's Complaint [1] is the relevant date for assessing imminent danger and the prison mailbox rule determines the file date. "Pursuant to the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the pro se prisoner submits the pleading to prison authorities for mailing." *Myers v. Swindle*, 454 F. App'x 322, 323 (5th Cir. 2011) (citations omitted). Cruse signed his Complaint on March 21, 2023, and prison officials stamped the envelope "CMCF Approved Legal Mail Mar 21 2023." Compl. [1] at 17; Env. [1-1]. This Court received and filed Cruse's Complaint on March 27, 2023. Under the prison mailbox rule the file date of March 21, 2023, is controlling and under *Baños*, March 21, 2023 is the relevant date for assessing imminent danger.

2023 medical appointment at a local hospital. *See* Order [9] granting Motion to Amend. Cruse claims that upon his return from this appointment he learned that he was diagnosed with lung cancer six-weeks prior and the nurses "refused to place this information on the computer and set up treatment plans." [4] at 1. Cruse also alleges that he was denied indigent postage as a way to stop him from "seeking free world help," that he has not been allowed to attend Catholic worship services, and that CMCF is overcrowded, understaffed, unsanitary and unsafe. *Id*. at 2.

Defendants argue that Cruse's claims fail to meet the exception provision because they are speculative, conclusory, and fail to involve an imminent threat of serious physical injury. The moving Defendants rely on Cruse's medical records [41-2] to support their motion.[9]

Defendants state that Cruse's medical records reveal that he does not have lung cancer, but his CT scans show the presence of a "solitary pulmonary nodule" that was discovered in May of 2022, and discussed with Cruse. [42] at 7.

---

[9] The Court may utilize medical records for imminent danger determinations. *See, e.g.*, *Stone v. Jones*, 459 F. App'x 442, 442 (5th Cir. 2012) (denying IFP on appeal, finding prisoner's claim of imminent danger premised on inadequate medical care failed "[b]ecause there are no medical records or grievances in the record to corroborate [Stone's] allegations, he has failed to demonstrate that he was under imminent danger of serious physical injury when he filed his appellate IFP motion"); *Emmett v. Wooten,* No. 6:24-cv-11, 2024 WL 1472790, *2 (E.D. Tex. Jan. 11, 2024) (reviewing medical records submitted with prisoner's complaint when deciding if imminent danger exception is met), *R & R adopted by* 2024 WL 1468924 (E.D. Tex., Apr. 4, 2024); *Walker v. Perry,* No. 1:20-cv-302-HSO-BWR, 2022 WL 8176157 (S.D. Miss. Oct. 14, 2022) (considering medical records submitted during a hearing for imminent danger determination); *see also Shepherd v. Annucci*, 921 F.3d 89, 94–95 (2d Cir. 2019) (collecting cases) (finding when defendant challenges applicability of imminent danger exception courts may conduct narrow evidentiary inquiry considering materials outside of the complaint including medical records).

Defendants maintain that the pulmonologist's plan of observation and monitoring by periodic follow-up CT scans is being followed. *Id.* Defendants further explain that Cruse's medical records show CT scans of his lungs occurring on May 14, 2022, in November of 2022, February 10, 2023, and March 30, 2023, with a follow-up visit to the pulmonologist on May 5, 2023. *Id.* Defendants further provide that the report from the March 30, 2023 CT scan shows the nodule was "stable" and "benign" and found "no change." *Id.*

In his Response [46], Cruse directs the Court to his medical records to support his claims of imminent danger, specifically as to his claimed weight loss of 2 to 4 pounds "of body weight every week for the last $2^{1/2}$ months" and for evidence that he "keeps upper respiratory tract infections; stuffy and runny noses, a bad cough" along with other body pains and bruising. [46] at 1, 5–6. In their Reply [51], Defendants argue that Cruse's claims of weight loss and lack of treatment for stomach issues is belied by his medical records and attach the relevant medical records to their Rebuttal [52].

Even if Cruse's medical records showed the weight loss, infections and pains, or lack of treatment that Cruse alleges, these conditions do not threaten imminent danger of a serious physical injury. *See, e.g.*, *Drummer v. Bingham*, No. 3:08-cv-622-TSL-JCS, 2009 WL774356, *2 (S.D. Miss. 2009) (collecting cases with prisoners attempting to establish imminent danger based on medical care and finding prisoner plaintiff's lack of medical care allegations insufficient to meet imminent danger of serious physical injury). Cruse's medical records factually

refute many of his allegations and fail to support Cruse's claims of imminent danger of serious physical injury.

On May 3, 2024, Cruse filed a document titled "Rebuttal of Defenses For IFP status." [58] at 1. In his Rebuttal [58], Cruse complains of on-going stomach problems and cites to an April 25, 2024, visit to a local hospital to support his claims of imminent danger. Cruse's attempts to establish imminent danger on March 21, 2023, based on events occurring a year *after* the filing of his Complaint [1] are unsuccessful for the same reasons his claims asserted in 2021 are unsuccessful. As explained above, the imminent danger must exist at the time the Complaint is filed. *See Baños,* 144 F.3d at 885.

Cruse's failure to reveal his three-strike status in March of 2023 delayed this Court's imminent danger determination but it does not change the relevant date the danger must exist. *Id*. For all of these reasons, the undersigned finds that Cruse fails to meet the imminent danger exception to the three-strikes bar.

## 5.   Conclusion and recommendation

Based on the foregoing, the undersigned finds that Cruse is barred from proceeding IFP, and he fails to meet the imminent danger exception. If the Court does not dismiss this Complaint [1] as a sanction for Cruse's false representations, the undersigned recommends that Cruse's IFP status be revoked and this case be dismissed, without prejudice, for Cruse's failure to pay the filing fee. The undersigned further recommends that if Cruse submits payment of the full filing fee within thirty-days, that this civil action be re-opened.

### III.  RECOMMENDATION

For the reasons stated, the undersigned recommends that Defendants' Motion [41] to Dismiss be granted.

### IV.  NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error.  *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services*, L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

This the 28th day of June, 2024.

s/ *LaKeysha Greer Isaac*
UNITED STATES MAGISTRATE JUDGE